it clear that this was such a material modification of the decree appealed from as to constitute a prosecution of that appeal with effect, thereby satisfying the condition of the appeal bond.

We are referred by plaintiffs' counsel to the case of *Ely v. King-Richardson Co.*, 265 Ill. 148, as conclusively sustaining their contention in this regard. We cannot so interpret the case. There the decree required the delivery only of the notes involved in the litigation, while the decree as modified on review required the notes to be indorsed "without recourse." This was held to be an immaterial modification, and it was; but in the case at bar the appellants procured substantially all they sought, so that the modification was material, and we so hold.

The substantial and material facts set forth in the affidavit of defense are of record in this court, of which we will take judicial notice.

The judgment of the Superior Court is erroneous and is therefore reversed, and as the right to recover is predicated upon the bond and the record in *Wright v. Chandler, supra,* which together will not permit of a recovery, the cause is not remanded.

*Reversed.*

Isaiah R. Clark et al., Appellees, v. Rosalie A. Selfridge et al., Appellants.

Gen. Nos. 20,920-20,923.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed November 15, 1915. Rehearing denied November 29, 1915.

## Statement of the Case.

Action by Isaiah R. Clark and others, plaintiffs, against Rosalie A. Selfridge, and others, defendants, in the Superior Court of Cook county.

These cases present the same questions that are presented in the case of *Clark v. Selfridge,* No. 20,924, *ante,* p. 357, and were submitted on the abstracts and briefs filed in that case.

SHEPARD, McCORMICK, THOMASON & PATTERSON, for appellants.

HENRY W. LEMAN and FRANK H. CULVER, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

---

## William J. Hayes by Elizabeth J. Casey, Appellee, v. Marshall E. Sampsell, Receiver of Chicago Union Traction Company, Appellant.

### Gen. No. 21,001.

1.   CARRIERS, § 314*—*when nonpayment of fare not a defense in action for injury to person on car.* In an action to recover for personal injury to a ten-year-old boy, owing to the negligent operation of defendant's electric car, where it appeared that plaintiff boarded the car at the invitation of the motorman and rode thereon for some distance without paying fare, a judgment for plaintiff *held* not erroneous, for the reason that in such case the only question is whether plaintiff was lawfully on the car, and it is not a defense that plaintiff paid no fare.

2.   CARRIERS, § 314*—*when liable for injury to child boarding car on invitation of motorman.* In an action to recover for personal injury to a boy, where it appeared that plaintiff boarded defendant's electric car at the invitation of defendant's motorman, such invitation was an act within the scope of such motorman's employment, although

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.